IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEWAYNE LEE WALDRUP, <br> TDCJ # 02351122, <br><br> Plaintiff, <br><br> VS. <br><br> JUDGE PATTY MAGINNIS, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br><br> CIVIL ACTION NO. 4:21-3106 |

## MEMORANDUM OPINION AND ORDER STAYING CASE

Plaintiff Dewayne Lee Waldrup is incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ") and brings civil-rights claims under 42 U.S.C. § 1983. On September 23, 2021, the Court severed some of Waldrup's claims from Civil Action No. 4:20-3451 into this new civil action. As required by the Prison Litigation Reform Act ("PLRA"), the Court now scrutinizes the pleadings to determine whether dismissal in whole or in part is warranted because the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

Upon careful review of the pleadings and all matters of record, the Court determines Waldrup's claims against Hon. Patty Maginnis, Hon. Paul Damico, Assistant District Attorney Modesto Rosales, legal assistant Jackie Rodriguez, and appointed defense attorney Inger Chandler must be **dismissed** based on the defendants' immunity or Waldrup's failure to state a claim against them upon which relief can be granted. His

claims against unnamed parole officers will be **dismissed as moot**. Waldrup's claims against Agent Thomas Epperson and Sergeant P. Hahs of the Montgomery County Sheriff's Department will be **stayed** and **administratively closed**. The Court's reasons are explained below.

I.   **BACKGROUND**

Before the claims in this lawsuit were severed from Civil Action No. 4:20-3451, Waldrup filed a complaint (Dkt. 1) and, with leave of the Court, an amended complaint (Dkt. 2-1, at 1-5). *See* Dkt. 3 (granting leave to amend). At the time of his original complaint, Waldrup was detained in Montgomery County Jail awaiting trial in the 435th Judicial District Court, Hon. Patty Maginnis presiding, on charges of possession of a controlled substance (Case No. 20-10-12141) and fraudulent possession of identifying information (Case No. 19-10-14607).[1] On May 27, 2021, Waldrup was convicted of possession of a controlled substance (Case No. 20-10-12141) and sentenced to 50 years in TDCJ.[2] He appealed his conviction to the Ninth Court of Appeals, Case No. 09-21-00154-CR, and his appeal is pending.[3]

The claims pending in this civil action after severance are Waldrup's claims that multiple persons involved in the criminal proceedings against him violated his constitutional rights during those proceedings. He alleges that Judge Maginnis, the

---

[1]   *See* District Clerk Court Records Inquiry, Montgomery County (available at http://odyssey.mctx.org/unsecured /default.aspx) (last visited Sept. 22, 2021).

[2]   *See id.*; Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch (last visited Sept. 22, 2021).

[3]   *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Sept. 22, 2021).

district judge presiding over his criminal trial, and Magistrate Judge Damico, who handled pretrial matters, unlawfully detained him and conspired with law enforcement officers and prosecutors (Dkt. 1, at 16, 18-19). He alleges that Assistant District Attorney Rosales and his legal assistant Rodriguez were involved in a conspiracy involving malicious prosecution and false imprisonment (*id*. at 17, 19-20). He alleges that Inger Chandler, his court-appointed defense attorney, conspired with state officials to deprive him of a fair trial and his constitutional rights, including his right to self-representation (*id*. at 17-18).

Waldrup also brings claims against officials with the Montgomery County Sheriff's Department who were involved in his arrest. He alleges that Agent Epperson fabricated and destroyed evidence and falsely imprisoned him (*id*. at 20-21). He claims that Sergeant Hahs executed an unlawful search and seizure, used an unlawful entrapment scheme to induce Waldrup to burglarize a motor vehicle, falsely imprisoned him, and engaged in official oppression (*id*. at 21-23).

Finally, Waldrup's amended pleadings claim that unnamed parole officers and supervisors in Conroe have denied him due process of law by impermissibly delaying his revocation hearing (Dkt. 19-1, at 3; *see id*. at 13).

Waldrup seeks compensatory and punitive damages (Dkt. 1, at 5, 12). He also seeks injunctive and declaratory relief (Dkt. 19-1, at 4).

## II. LEGAL STANDARDS

As required by the PLRA, the Court screens the case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). In reviewing the pleadings and litigation history, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard, a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When considering whether the plaintiff has adequately stated a claim upon which relief can be granted, the Court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. <u>ANALYSIS</u>

Waldrup brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a police officer, for a constitutional violation. *See Pratt v. Harris Cty., Tex*., 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

### A.      Judicial Immunity

Waldrup alleges that Judge Maginnis and Judge Damico conspired to unlawfully detain him during his criminal proceedings. His claims for damages against the judges fail because "[a] judge generally has absolute immunity from suits for damages." *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009); *see Bradley v. Salvant*, 801 F. App'x 315 (5th Cir. 2020). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Davis*, 565 F.3d at 221. Rather, judicial immunity can be overcome in only two circumstances: when a judge acts outside of his or her judicial capacity or when the judge acts in complete absence of all jurisdiction. *Id*. Waldrup does not allege facts that could satisfy these exceptions.

Additionally, although judicial immunity does not bar claims for injunctive or declaratory relief, Waldrup cannot obtain such relief in this case because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties. *See LaBranche v. Becnel*, 559 F. App'x 290 (5th Cir. Mar. 10, 2014) (citing *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985); *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)). All of Waldrup's claims against Judge Maginnis and Judge Damico therefore will be dismissed.

### B.      Prosecutorial Immunity

Waldrup alleges that Assistant District Attorney Rosales and Rodriguez, an assistant to Rosales, initiated proceedings against him without probable cause and additionally conspired against him with judges, law enforcement officers, and his defense

attorney (Dkt. 1, at 17, 19-20). This Court must consider prosecutorial immunity as a threshold matter. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Prosecutors acting as an "officer of the court" are entitled to absolute immunity from civil-rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009); *see Ahmadi v. Jones*, 702 F. App'x 233 (5th Cir. 2017). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process," even in cases in which prosecutors are accused of malicious prosecution or knowing use of perjured testimony. *Boyd*, 31 F.3d at 285; *see Bradley*, 801 F. App'x at 316 (affirming the district court's *sua sponte* dismissal of claims that a prosecutor acted with malice, engaged in misconduct, gave false or misleading testimony to the grand jury, and refused to provide information relevant to the trial record). Other officials who perform prosecutorial functions are also entitled to absolute immunity. *See O'Neal v. Mississippi Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997) (absolute immunity is available for "certain 'quasi-judicial' agency officials who, irrespective of their title, perform functions essentially similar to those of judges or prosecutors, in a setting similar to that of a court").

Waldrup's claims against Rosales and Rodriguez pertain to actions that fall within the scope of the defendants' prosecutorial duties. *See Boyd*, 31 F.3d at 285; *O'Neal*, 113

F.3d at 65.[4]  Therefore, these claims do not destroy the defendants' absolute immunity, and Waldrup's civil-rights claims against them fail. *See Boyd*, 31 F.3d at 285.

### C. Defense Counsel

Waldrup alleges that Chandler, his court-appointed defense attorney, conspired against him to delay the proceedings so that the prosecution had time to fabricate evidence against him. A criminal defendant's attorney, whether retained or appointed, is not a state actor for purposes of § 1983. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *see Bradley*, 801 F. App'x at 316. Therefore, taking as true all facts pleaded in his complaint, Waldrup fails to state a § 1983 claim against Chandler. *See Pratt*, 822 F.3d at 180. His claims against Chandler must be dismissed under 28 U.S.C. § 1915A(b).

### D. Parole Officers

Waldrup seeks injunctive and declaratory relief from unnamed parole officers and their supervisors in Conroe, Texas, alleging that they violated his right to due process of law (Dkt. 19-1, at 3-4).

Because Waldrup has been convicted of a new offense and is now incarcerated based on that conviction, his previous request for release to parole is moot. His request for prospective, injunctive relief against the parole officers therefore must be denied. *See*

---

[4] Waldrup alleges facts suggesting that Rodriguez, a legal assistant, was performing prosecutorial functions when she performed the acts forming the basis of his claim. *See O'Neal*, 113 F.3d at 65. However, to the extent prosecutorial immunity does not extend to Rodriguez, a legal assistant, the claims against her are *Heck*-barred for the reasons explained below regarding Epperson and Hahs.

*Stringer v. Whitley*, 942 F.3d 715, 720-21 (5th Cir. 2019) (injunctive relief is not available to remedy a past harm); *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013) (when intervening circumstances "render the court no longer capable of providing meaningful relief to the plaintiff," mootness applies); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (inmate's transfer to a different correctional institution "rendered his claims for declaratory and injunctive relief moot"). Waldrup's civil-rights claims against the unnamed parole officers will be dismissed without prejudice.

### E. Investigating and Arresting Officers

Finally, Waldrup brings claims against Epperson, whom he alleges was involved in his arrest and fabricated evidence, and Hahs, whom he alleges profiled and entrapped him. He also alleges that both officers engaged in a conspiracy against him to deprive him of his constitutional rights. He seeks injunctive relief, including his release, in addition to monetary damages (Dkt. 1, at 20-23).

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim for damages that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. To prevail based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil-rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id*. at 486-87. If a judgment in favor of a civil-rights

plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487; *see Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000). The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis removed).

A finding in Waldrup's favor on his claims against Epperson and Hahs would necessarily imply that his conviction is invalid. Therefore, he is entitled to proceed with his § 1983 claim only if the judgment against him has been reversed or otherwise called into question. Public court records do not reflect that Waldrup's conviction or sentence in the relevant cases have been invalidated. Rather, Waldrup's appeal is pending in the Ninth Court of Appeals. The rule in *Heck* therefore precludes his claim for relief. *See Wilkinson*, 544 U.S. at 81-82; *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).

The Supreme Court has explained that, if a plaintiff such as Waldrup files civil-rights claims related to rulings that will likely be made in a pending criminal proceeding, the best practice is for the district court to stay the civil-rights case until the pending criminal case is resolved. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see Boyd*, 31 F.3d at 283-84; *Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019). The

Court therefore will stay and administratively close this case until the criminal proceedings against Waldrup, including any appellate proceedings, are complete. If Waldrup's conviction is affirmed, *Heck* will require dismissal of any claims in this lawsuit that would imply the invalidity of his conviction until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the Heck conditions are met"). If his conviction is invalidated, this lawsuit may proceed, absent some other bar to suit. *See Wallace*, 549 U.S. at 394.

If Waldrup seeks to proceed with his claims against Epperson and Hahs after his criminal appeals have concluded, he is instructed to file a motion to reinstate this case **within 30 days** of the state court judgment. Failure to file a timely motion to reinstate could waive Waldrup's opportunity to proceed with this civil action

IV.     **CONCLUSION**

For the reasons stated above, the Court orders that:

1.      Waldrup's claims against Judge Maginnis, Magistrate Judge Damico, Rosales, Rodriguez, Chandler, and the unnamed parole officers are **DISMISSED** under 28 U.S.C. § 1915A(b).

2.      Waldrup's claims against Epperson and Hahs are not cognizable at this time. This civil action is **STAYED** and **ADMINISTRATIVELY CLOSED** until the Court enters an order lifting the stay.

3. Within **30 days** after criminal proceedings against him are complete, Waldrup may file a motion to reinstate this case and proceed with his claims against Epperson and

Hahs.  **If Waldrup fails to a motion to reinstate within 30 days of the final state court judgment, he may waive his opportunity to proceed with this lawsuit**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 29th day of September, 2021.

                                     */s/ George C. Hanks, Jr.*
                                     GEORGE C. HANKS, JR.
                                     UNITED STATES DISTRICT JUDGE